IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
for the use and benefit of
R.C. PROFESSIONAL SERV., INC.,
et al.,

    Plaintiffs,

    v.

GREAT AMERICAN INSURANCE CO.,
et al.,

    Defendants.

CIVIL NO. 05-2106 (RLA)

**ORDER DISMISSING CLAIMS ASSERTED
UNDER THE MILLER ACT
AND SETTING HEARING REGARDING VENUE**

    Defendants GREAT AMERICAN INSURANCE COMPANY ("GAI") and CAMPBELL ROOFING AND CONSTRUCTION, INC. ("CAMPBELL") have moved the Court to dismiss the instant complaint. The Court having reviewed the arguments presented by the parties in their respective motions as well as the documents submitted therewith hereby rules as follows.

**BACKGROUND**

    This action was filed by R.C. PROFESSIONAL SERVICES, INC. ("R.C.") and RICHARD CORA seeking relief under the provisions of the Miller Act, 40 U.S.C. §§ 3131 *et seq*. Additionally, plaintiffs request damages for breach of contract under Puerto Rico law pursuant to our supplemental jurisdiction, 28 U.S.C. § 1367.

**CIVIL NO. 05-2106 (RLA)**                                                                 **Page 2**

According to the complaint in August 2004, CAMPBELL entered into a contract with the U.S. Army Corps of Engineers, as Prime Contractor, for emergency temporary roofing repairs for homes and other buildings. GAI executed a Payment Bond in connection with this project naming CAMPBELL as principal and the UNITED STATES OF AMERICA as obligee. The Bond further provided for the surety's obligation to CAMPBELL's subcontractors who furnished labor, material or both in carrying out the work provided for in the aforementioned contract. CAMPBELL entered into a subcontract with R.C. whereby plaintiff would provide and furnish labor for the contracted repairs.

The complaint charges that despite notice and demand having been made, neither CAMPBELL nor GAI has paid the amounts due for the subcontracted work performed. R.C. served a notice of non-payment to CAMPBELL on November 8, 2004.

Defendants argue that the claims asserted under the Miller Act are time-barred and that venue in these proceedings lies elsewhere.

### MILLER ACT

The Miller Act provides that performance and/or payment bonds, as applicable, must be in place prior to the award of any contracts involving the "construction, alteration, or repair of any public building or public work of the Federal Government". 40 U.S.C. § 3131(b). The statute allows for "[e]very person that has furnished labor or material in carrying out work provided for in a contract for

**CIVIL NO. 05-2106 (RLA)**                                                              **Page 3**

which a payment bond is furnished" and has not been paid to institute collection proceedings[1] in federal court[2] within a term of one year.[3]

"There is nothing ambiguous about [the statute of limitations] provision, and so we must give effect to its obvious meaning." GE Supply v. C&G Enter., Inc., 212 F.3d 14, 18 (1st Cir. 2000).

On September 24, 2004, plaintiff submitted to CAMPBELL an invoice demanding payment of $178,142.59 for work allegedly performed at Port Charlotte, Florida. The invoice included a listing of the addresses of the properties purportedly repaired. The latest work date according to these lists was September 24, 2004.[4] The complaint in this case was filed on October 15, 2005, which evidently falls outside the statutory period by 20 days.

Plaintiffs attempt to confront this argument by pointing to a November 8, 2004 payment demand letter sent by R.C. to GAI which purportedly tolled the limitations period.

The Miller Act's limitations period has been found to be jurisdictional and not subject to extensions. "The rights created by the Miller Act are federal in nature and scope, and federal law controls the computation of the limitations period. Those circuits

---

[1] 40 U.S.C. § 3133(b)(1).

[2] The suit must be filed "in the United District Court for any district in which the contract was to be performed and executed." 40 U.S.C. § 3133(b)(3).

[3] 40 U.S.C. § 3133(b)(4).

[4] Plaintiffs have not contested this date.

**CIVIL NO. 05-2106 (RLA)**                                              **Page 4**

that have considered the question have uniformly regarded the one-year filing requirement as a jurisdictional limitation on the substantive rights conferred by the Miller Act." United States v. Hartford Fire Ins. Co., 339 F.Supp.2d 799, 802 (W.D. Tex. 2004).

Even assuming that equitable-estoppel considerations could be entertained for allowing extending the limitations period provided in this statute, *see i.e.*, United States, 339 F.Supp.2d at 803; Safe Env't of America, Inc. v. Employers Ins. of Wausau, 278 F.Supp.2d 121, 128 (D.Mass. 2003), none of the doctrine's requirements are present in this case.

The essence of equitable estoppel is to avoid injustice by assisting those parties who have in good faith relied on the representations of another and have suffered damages as a result thereof. "[T]he Supreme Court explained that a party seeking to assert equitable estoppel must demonstrate that (1) the party to be estopped made a 'definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it'; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the 'reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading.'" Ramirez-Carlo v. United States, 496 F.3d 41, at 49 (1st Cir. 2007) (citing Heckler v. Cmty. Health Serv., 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984))(brackets in original).

**CIVIL NO. 05-2106 (RLA)**                                                    **Page 5**

Plaintiffs have not pointed to nor can we find any untrue or false data in GAI's two responses. Additionally, plaintiffs have not presented any argument to the effect that they relied in any way upon information provided by the defendants and that they were prejudiced as a consequence thereof. As a matter of fact, plaintiffs were explicitly alerted by GAI in its February 24, 2005 response to the fatality of the limitations period. In pertinent part, the communication indicates that GAI "denies that your letter, or any other communication, has any effect on the tolling of the time limitations or other provisions of the [Miller] Act."

Hence, plaintiffs cannot find refuge in equitable estoppel considerations to avoid dismissal due to time lapse.

**VENUE**[5]

It appearing that, in addition to supplemental jurisdiction pursuant to 28 U.S.C. § 1367, diversity of citizenship between the parties is present, we may entertain the remaining local claims asserted in the pleadings under 28 U.S.C. § 1332.

Defendants have objected to venue in this district under the provisions of 28 U.S.C. § 1391 applicable to cases founded on diversity of citizenship. In pertinent part, the statute reads:

> (a) A civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise protected

---

[5] The Court having denied the claims asserted under the Miller Act, the arguments regarding venue under said statute have been rendered **MOOT** and hence, need not be addressed in this Order.

**CIVIL NO. 05-2106 (RLA)**                                                          **Page 6**

> by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

It is uncontested that the defendants are not deemed citizens of Puerto Rico for diversity purposes.[6] Hence, subsection (1) above is not applicable to this action.[7]

Under the second alternative we must examine whether "a substantial part of the events" underlying plaintiff's claim occurred

---

[6] *See*, Complaint ¶¶ 3 and 4 alleging that GAI is a Delaware corporation and CAMPBELL a Georgia corporation. *See also*, Defendants' Reply (docket No. 26) ¶ 21 p. 8 ("none of the Defendants are residents or subject to jurisdiction in the Commonwealth of Puerto Rico").

[7] Because the second option is available in this case to determine the proper venue, subsection (3) is also inapposite. The last proviso of § 1391 is "a fallback provision that can only be used when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statutes." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3806.2 at 233 (3rd Ed. 2007). *See also*, Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 n.4 (1st Cir. 2001) ("We turn to the third alternative only in the event that the first two provisions fail to provide an appropriate forum.")

**CIVIL NO. 05-2106 (RLA)**                                               **Page 7**

within this district. In making this assessment "[w]e look... not to a single 'triggering event' prompting the action, but to the entire sequence of events underlaying the claim." Uffner, 244 F.3d at 42.

In Uffner, an action for bad faith denial of insurance coverage, the court found that the sinking of the insured vessel - albeit the only local event - was substantially sufficient to allow venue in this jurisdiction under § 1391 (a)(2). The court explained that it constituted "one part of the historical predicate for the... suit." *Id* at. 42. It is not necessary for the event to be related to the main issue presented in the litigation. "[A]n event need not be a point of dispute between the parties in order to constitute a substantial event giving rise to the claim." *Id*. at 43.

In making this analysis we are not restricted to examining defendants' acts but rather will use "a more holistic view of the acts underlying a claim." *Id*. at 42-43 n.6 .

"The test for venue under § 1391 looks not to the defendant's contacts with the forum, but the location of the events giving rise to the cause of action. To be 'substantial,' it is enough to establish that the events that took place in [the district] were part of the historical predicate for the instant suit." Master Tech Prods., Inc. v. Smith, 181 F.Supp.2d 910, 914 (N.D. Ill. 2002) (citation and internal quotation marks omitted).

"In determining whether a substantial part of the events or omissions giving rise to the plaintiff's contract claim occurred or

**CIVIL NO. 05-2106 (RLA)**                                                              **Page 8**

did not occur in the district, the factors that courts tend to focus on include: where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred." Wright & Miller § 3806.1 p. 207-212 (footnotes omitted).

It is possible for venue to lie in more than one location. "[W]hen the events underlying a claim have taken place in different places, venue may be proper in any number of districts." Uffner, 244 F.3d at 42.

The venue statute aims at "'protect[ing] the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* 244 F.3d at 42 (citing Leroy v. Great W. United Corp., 443 U.S. 173, 183-84, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979)).

Plaintiffs seek damages for alleged breach of contract arising from defendants' failure to pay monies allegedly due under a Payment Bond and Contractor-Subcontractor Agreement.[8]

The parties have different versions as to where the contractual terms were discussed by them. The complaint alleges that it was Puerto Rico where "the contract was prepared, entered into, dealt with and where the persons and risk was (sic) insured."[9] Plaintiffs specifically aver that it was Puerto Rico where "the main contract negotiations occurred".[10] On the other hand, Richard Harmon,

---

[8] Complaint ¶ 5.

[9] Complaint ¶ 7.

[10] Affidavit of Richard Cora ¶ 7.

**CIVIL NO. 05-2106 (RLA)**                                                            **Page 9**

CAMPBELL's Chief Operating Officer, attests that "[a]ll negotiations that preceded the contractual work occurred in the State of Florida."[11]

It is uncontested that the repair work contracted for was carried out in Florida. Plaintiffs allege that laborers were brought from Puerto Rico to carry out the work[12] and that payment for the contracted work was to be effected in Puerto Rico.[13] There is no information available in the record as to where the contracts were executed by the parties.

A determination regarding the locus of the negotiations is crucial for the court to rule on whether a substantial part of the events underlying the outstanding claims took place in Puerto Rico. Based on the contradictory information currently available, in order to assess where the correct venue lies under our diversity jurisdiction pursuant to § 1391 the court needs to receive evidence on this matter.[14] Plaintiffs shall carry the burden of proof at that hearing. *See*, 5B Wright & Miller 3rd Ed. § 1352 p. 322 ("it is

---

[11]  Affidavit of Richard Harmon ¶ 5.

[12]  Complaint ¶ 13.

[13]  Complaint ¶ 5; Affidavit of Richard Cora ¶ 7.

[14]  The court may look at facts outside complaint to determine venue. Blacksmith Inv., LLC, v. Cives Steel Co., Inc., 228 F.R.D. 66, 71 (D.Mass. 2005); 5B Wright & Miller § 1352.

**CIVIL NO. 05-2106 (RLA)**                                                    **Page 10**

plaintiff's burden to institute his action in a permissible forum, both in terms of jurisdiction and venue.") (footnote omitted).

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss (docket No. **18**)[15] is hereby disposed of as follows:

The claims asserted under the Miller Act are hereby **DISMISSED** as untimely filed. Partial Judgment shall be entered accordingly.

A hearing on the issue of venue is hereby set for **December 14, 2007 at 10:00 a.m.** whereby the court will receive evidence regarding the circumstances surrounding the negotiations leading to the contracts at issue in this litigation.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 15th day of October, 2007.

S/Raymond L. Acosta  
RAYMOND L. ACOSTA  
United States District Judge

---

[15] See, Plaintiffs' Opposition (docket No. **23**); Reply (docket No. **26**) and Sur-Reply (docket No. **29**). Defendants' Motion to Strike Richard Cora's Affidavit (docket No. **30**) is **DENIED AS MOOT.**